Ronald P. Pope, #11913
Thomas B. Diehl, #23166
Gregory S. Diehl, #26818
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, KS 66614
Phone: (785) 273-8002
Fax: (785) 273-0744
ron@ralstonpope.com
tom@ralstonpope.com
greg@ralstonpope.com
*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLES SCHUMACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:_____ |
| | ) |
| HARDWOODS SPECIALTY PRODUCTS, US, LP; | ) |
| PAXTON HARDWOODS, LLC; | ) |
| FPL PROPERTIES, LLC; and | ) |
| TROY HIGGS, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendants alleges and states as follows:

**I. THE PARTIES**

1. This action is a diversity action between a citizen of the State of Kansas and citizens/corporations of other states.

2. Plaintiff is a resident and citizen of Maple Hill, Wabaunsee County, Kansas.

3. Defendant Hardwoods Specialty Products, US, LP, is a limited partnership incorporated in Delaware which owns and operates a Hardwoods Specialty

Products satellite store located at 11402 E. 53rd Ave., Ste. 100, Denver, CO 80239. This Defendant may be properly served by serving its Delaware registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  In addition, this Defendant may be properly served by serving its Colorado registered agent, The Corporation Company, at 7700 E Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268.  Process and service of process is requested upon said Defendant by serving its resident agents as outlined above.

4. Defendant Paxton Hardwoods, LLC, is a limited liability corporation, which is incorporated in Delaware and owns and operates satellite locations at 6311 St. John Avenue, Kansas City, MO 64123, and 4837 Jackson Street, Denver, CO 80216.  This Defendant may be properly served by serving its Missouri registered agent, C T Corporation Systems at 120 South Central Ave., Clayton, MO 63105, its Colorado registered agent, The Corporation Company, at 7700 E Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268, and its Delaware registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Process and service of process is requested upon said Defendant by serving its resident agents as outlined above.

5. Defendant FPL Properties, LLC, is a foreign limited liability corporation which is incorporated in Delaware and formerly operated as Frank Paxton Lumber Company, LLC, with offices located at 6311 Saint John Ave., Kansas City, Missouri 64123.  Its registered agent is CT Corporation System located at 120 South Central Ave., Clayton, MO 63105. Process and service of process is requested upon said Defendant by serving its resident agent as outlined above.

6. At all times material hereto, Defendant Troy Higgs was an employee and/or agent of Defendant Hardwood Specialty Products, US, LP; Defendant Paxton Hardwoods, LLC; and/or FPL Properties, LLC, with a current residential address of 724 NW 6th Street Ter., Blue Springs, MO 64014-2408. Process and service of process is requested upon said Defendant by serving him at his residential address.

## II. JURISDICTION AND VENUE

7. Plaintiff adopts and incorporates by reference paragraphs 1 through 6 of his Complaint as if fully set forth herein.

8. The tort which is the subject of this Complaint occurred in Riley County, Kansas, which is in this United States District.

9. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. § 1332(a) and the laws of the United States of America as there exists complete diversity of citizenship between the Plaintiff and all the Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. As the subject matter auto collision occurred in the State of Kansas, the Defendants have sufficient contacts to subject themselves to the personal jurisdiction of this Court and the other courts in the State of Kansas.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the event or omissions giving rise to the claim occurred in the State of Kansas and in this United States District.

## III. FACTS COMMON TO ALL COUNTS

12. The Plaintiff adopts and incorporates by reference paragraphs 1 through 11 of his Complaint as if fully set forth herein.

13. On Wednesday, October 26, 2016, around 6:30 a.m., when the natural lighting condition was dark, Plaintiff, a mason by trade, was on his way to a jobsite in Manhattan, KS, travelling northbound on highway K-177 in an area without artificial lighting.

14. At the same time, Defendant Troy Higgs, while acting as an employee/agent of Defendant Hardwood Specialty Products; Defendant Paxton Hardwoods, LLC; and/or FPL Properties, LLC, was operating a tractor-trailer rig that was at least 63 feet in total length and was heading northbound on highway K-177 well in front of the Plaintiff.

15. The 49 foot trailer being pulled by Defendant Troy Higgs was covered with a very dark black tarp.

16. The tractor-trailer rig being driven by Defendant Troy Higgs was being operated under the authority of USDOT Carrier Identification #2192179, which had been issued to Defendant Paxton Hardwoods, LLC.

17. Defendant Troy Higgs was operating the above referenced tractor-trailer without the required operable lamps and was operating the tractor-trailer without wearing his corrective lenses as required.

18. As Defendant Troy Higgs was proceeding northbound on highway K-177 in Riley County, Kansas, he pulled the tractor-trailer unit onto a paved area between the north and south bound lanes of the highway with the vehicle partially into the southbound lanes; Defendant Troy Higgs then began to negligently back the entire tractor-trailer rig across the northbound lanes of highway K-177 in an apparent attempt to back the tractor-trailer into Acorn Lane.

19. In the process of negligently backing this tractor-trailer rig across highway K-177, Defendant Troy Higgs completely blocked both lanes of northbound traffic for highway K-177 with the trailer, which was covered with a black tarp and which did not have the required operating lighting.

20. Plaintiff had limited visibility because it was approximately an hour and fifteen minutes before sunrise, this was an un-lit intersection, Defendant Troy Higgs' trailer was black, and there was limited natural light. In addition, highway K-177 was wet from a previous rainfall.

21. As Plaintiff approached Acorn Lane on highway K-177, he suddenly and unexpectedly saw Defendant Troy Higgs' trailer blocking both lanes of northbound traffic, immediately applied his brakes, and made an evasive maneuver in an attempt to avoid colliding with the Defendant's trailer which was blocking both lanes of northbound traffic on highway K-177.

22. Unfortunately, the Plaintiff did not have sufficient time, distance, or opportunity to avoid the Defendant's tractor-trailer as it blocked both lanes of northbound traffic, and the front of Plaintiff's vehicle crashed into the rear driver's side of the defendant's tractor and the front left side of the defendant's trailer.

23. Because of the severe personal injuries sustained by the Plaintiff, he was transported via ambulance to Via Christi Hospital in Manhattan, Kansas.

24. As a consequence of this collision, Plaintiff sustained extensive and severe personal injuries, resulting in multiple surgeries, multiple procedures, and multiple hospitalizations and other damages.

25. Upon information and belief, Defendant Troy Higgs was previously at fault for a fatality auto collision on November 23, 2010, in Ray County, Missouri.

**COUNT I: <u>NEGLIGENCE, GROSS NEGLIGENCE, & RECKLESS AND WANTON CONDUCT</u>**

26. The Plaintiff adopts and incorporates by reference paragraphs 1 through 25 of his Complaint as if fully set forth herein.

27. The resulting injuries and other damages suffered by Plaintiff as a result of the aforementioned collision were the result of the negligence, gross negligence, reckless and wanton conduct, and fault of Defendant Troy Higgs, which includes, but is not limited to, the following:

    a. Violation of K.S.A. § 8-1574: Defendant Troy Higgs negligently backed his vehicle in an unsafe manner across a highway which interfered with other traffic;

    b. Defendant Troy Higgs failed to maintain a proper look-out, including a proper look-out to the rear;

    c. Defendant Troy Higgs failed to pay proper attention to the conditions then existing on the roadway;

    d. Defendant Troy Higgs failed to yield the right-of-way;

    e. Defendant Troy Higgs failed to wear his corrective lenses as required;

    f. Defendant Troy Higgs failed to properly inspect his tractor-trailer before his trip on October 26, 2016;

    g. Defendant Troy Higgs negligently maintained and operated the tractor-trailer rig with inoperable lamps on his tractor-trailer in contravention of 49 CFR 393.9; and

    h. Defendant Troy Higgs negligently backed his black trailer in the dark across both lanes of northbound traffic on a highway at an unlit intersection.

28. The resulting injuries and other damages suffered by Plaintiff as a result of the aforementioned collision were the result of the separate and/or combined fault of Defendant Hardwood Specialty Products, Defendant Paxton Hardwoods, LLC; and/or FPL Properties, LLC, whose negligence includes, but is not limited to, the following:

    a. Failure to properly maintain the tractor-trailer in working order pursuant to federal regulations;

    b. Failure to have in place proper procedures and protocols for safe transportation of goods;

    c. Failure to maintain the tractor-trailer with operable lamps in compliance with 49 CFR 393.9;

    d. Failure to have in place proper procedures and protocols to ensure their vehicles were in compliance with federal regulations.

29. Upon information and belief at the time of this collision, Defendant Troy Higgs was acting within the course and scope of his employment and/or apparent agency with Defendant Hardwood Specialty Products, Defendant Paxton Hardwoods, LLC; and/or FPL Properties, LLC, so as to make these Defendants vicariously liable for Defendant Troy Higgs' negligent acts and omissions.

30. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered serious personal injuries and other damages, as more fully outlined below, which are permanent and progressive in nature.

## COUNT II: <u>NEGLIGENT HIRING, TRAINING, SUPERVISION, & RETENTION</u>

31. Plaintiff adopts and incorporates by reference paragraphs 1 through 30 of his Complaint as if fully set forth herein.

32. Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC, had a duty to exercise reasonable care in the hiring, training, retention and supervision of their employees, which includes, but is not limited to, an obligation to conduct a reasonable investigation in to an employee's work, experience, background, driving history, character and qualifications.

33. By hiring an employee without first obtaining a full disclosure of his background and driving history pursuant to DOT regulations, including but not limited to past driving record, Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC, breached their duty of care, and such breach constitutes negligence.

34. In the alternative if the above mentioned Defendants performed a background check into Defendant Troy Higgs past driving record and found his previous at-fault fatality accident, Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC, breached their duty of care in hiring and retaining Defendant Troy Higgs, and such a breach constitutes negligence.

35. By failing to properly supervise and train, or by permitting Defendant Troy Higgs to operate a tractor-trailer on a dark night with inoperable lamps in contravention to 49 CFR 393.9, Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC, breached their duty of care, and such breach constitutes negligence.

36. By failing to properly supervise and train, or by permitting Defendant Troy Higgs to operate a tractor-trailer without his contact lenses as required, Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC, breached their duty of care, and such breach constitutes negligence.

37. As the proximate result of Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC's, negligent hiring, training, supervision, and/or retention of Defendant Troy Higgs, Plaintiff Charles Schumacher suffered serious personal injuries and other damages which are permanent and progressive in nature.

38. The injuries and damages sustained by Plaintiff Charles Schumacher, as more fully outlined below, fall squarely within the risk created by Defendants Hardwoods Specialty Products, US, LP; Paxton Hardwoods, LLC; and/or FPL Properties, LLC's, negligent hiring, training, supervision, and retention of Defendant Troy Higgs.

## IV. DAMAGES

39. Plaintiff adopts and incorporates by reference paragraphs 1 through 38 of his Complaint as if fully set forth herein.

40. Due to the Defendants' negligent, wrongful, and unjustified acts, they are liable for the Plaintiff's resultant damages, which include, but are not limited to: his serious personal bodily injuries which are permanent and progressive in nature; his medical care and treatment to date and the costs associated with such treatment; the medical care and treatment he can reasonably expect to incur in the future and the costs associated with that medical care and treatment; his past and future pain, suffering, disability, and mental anguish; his permanent disfigurement; his loss of time and income to date and into the foreseeable future; and other damages, all in an amount in excess of $75,000.00.

41. The actions and conduct set forth herein on the part of Defendant Troy Higgs were outrageous, grossly negligent, wanton, and reckless, and they showed a reckless indifference or conscious disregard for the rights of the Plaintiff, and, therefore, the

Plaintiff is entitled to punitive damages from Defendant Troy Higgs to punish and deter Defendant Troy Higgs and others from like conduct in the future.

42. No act or omission on the part of Plaintiff caused or contributed to his injuries or resulting damages.

43. Plaintiff is entitled to judgment against the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

## V. CONCLUSION

WHEREFORE AND BY REASON OF THE ABOVE AND FOREGOING, Plaintiff prays that judgment be entered in his favor and against each of the Defendants in an amount in excess of $75,000.00 exclusive of interest and costs, for punitive damages against Defendant Troy Higgs, and for his fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and equitable.

Respectfully submitted,

**/s/ Gregory S. Diehl**
Ronald P. Pope, #11913
Thomas B. Diehl, #23166
Gregory S. Diehl, #26818
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas  66614
785-273-8002
785-273-0744 fax
ron@ralstonpope.com
tom@ralstonpope.com
greg@ralstonpope.com
*Attorneys for the Plaintiff*